{¶ 37} I concur in the majority's resolution of appellant's first assignment of error, the bad faith claim. However, I disagree with the majority's resolution of the prejudgment interest claim.
 {¶ 38} As noted by the majority, in Horstman, supra, we stated "that a trial court has broad discretion in determining the date from which prejudgment interest should be calculated." The judgment of the trial court denying prejudgment interest should not be overruled unless we conclude that the trial court abused its discretion.
 {¶ 39} The trial court could reasonably find the date that UIM coverage became due and payable under the policy was the date of the jury's verdict. Due to the contractual relationship between an insurer and its insured, prejudgment interest claims under UIM coverage are contract-based claims governed by R.C. §1343.03(A). The legal basis for recovery of the UIM coverage is based on the contract. Interest is available from the date when the money becomes "due and payable" as determined by the trial court.
 {¶ 40} In this case, the insurance policy essentially provides that absent a mutual agreement to arbitrate, a court of competent jurisdiction will determine how much money an individual is legally entitled to recover. Based on the Ohio Supreme Court's decision in Landis, supra, the trial court determines when the UIM benefits become due and payable pursuant to the insurance policy. Thus, as in Frencho, supra, the court could properly determine that the money did not become due and payable until the date of judgment.
 {¶ 41} Under an abuse of discretion standard, the trial court's discretion is not absolute, but it is quite broad. The trial court considered the facts, analyzed the applicable insurance contract provisions, and concluded that the final step in determining the amount payable to appellant was the jury verdict. The decision of the trial court denying prejudgment interest was not an abuse of discretion.